**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
AP LINKS, LLC, and ST. ANNE'S
DEVELOPMENT COMPANY, LLC,

                                Plaintiffs,

               - against -

JAY EDMUND RUSS and RUSS & RUSS, P.C.,

                                Defendants.
-----------------------------------------------------------------X

**ORDER**

CV 09-5437 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has received Plaintiff's October 29, 2015 letter motion seeking an Order barring Defendants' expert witness, Michael Madison, from testifying at trial or, in the alternative, ordering that Madison appear for a deposition. DE 144. The Court has also received Defendants' opposition. DE 146. According to these submissions, the parties' dispute arose when they were unable to agree whether Plaintiffs' counsel was required to pay the flat fee sought by Madison in advance of his deposition. *See id.*

      Having carefully considered the arguments advanced by counsel for both sides, the Court (1) declines to preclude Madison from testifying, and (2) will not reject the motion based on lateness or a waiver argument premised on Plaintiffs' counsel not having served Madison with a subpoena for his deposition. Defendants' counsel is directed to notify the Court in writing by December 18, 2015 whether he will accept service of the subpoena on behalf of Madison.

      Turning to the payment of Madison's fee, Federal Rule of Civil Procedure 26(b)(4)(E) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery."

Fed. R. Civ. P. 26(b)(4)(E)(i). "Compensating an expert for his time spent in deposition is mandatory under Rule 26 to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *Broushet v. Target Corp.*, 274 F.R.D. 432, 433 (E.D.N.Y. 2011) (citing *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y. 1997)).

According to the parties' submissions, Madison seeks payment of $5,000 in advance of his deposition to compensate him for preparation and for an anticipated 10 hours of testimony. *See* DE 144 at 1; DE 144-1 at 2. First, the Court points out that flat fees for expert appearances are "disfavored" and are generally considered unreasonable. *Nnodimele v. City of New York*, No. 13–CV–3461, 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015) ("Flat fees are disfavored because courts expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.") (internal quotations and citation omitted); *see, e.g.*, *Korabik v. Arcelormittal Plate LLC*, No. CV 13-201, 2015 WL 5719791, at *2 (E.D.N.Y. Sept. 29, 2015); *Kreyn v. Gateway Target*, No. CV–05–3175, 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008) ("A flat fee for an expert's appearance, however, is generally unreasonable."); *Garnier v. Illinois Tool Works, Inc.*, No. 04-CV-1825, 2006 WL 1085080, at *2 (E.D.N.Y. Apr. 24, 2006) (noting that "flat fees are generally disfavored" and denying the expert's request for a flat fee).

Second, an expert "may not insist on advance payment, and may not set a flat fee before he knows what he will be called upon to do; he may instead charge only a reasonable hourly fee." *Johnson v. Spirit Airlines, Inc.*, No. CV 07-1874, 2008 WL 1995117, at *1 (E.D.N.Y. May 6, 2008); *accord Almonte v. Averna Vision & Robotics Inc.*, No. 11-CV-1088S, 2014 WL 287586, at *3 (W.D.N.Y. Jan. 24, 2014) ("The Court will not direct advance payment."); *Conte v.*

*Newsday, Inc.*, No. CV 06-4859, 2011 WL 3511071, at *3 (E.D.N.Y. Aug. 10, 2011) (citing Fed. R. Civ. P. 26(b)(4)(E) and stating that the Rule does not entitle the plaintiff "to payment in advance" for his expert). As the court explained in *Conte*, Defendants' counsel retained Madison and therefore it is "his responsibility to pay [Madison]." 2011 WL 3511071, at *3. While Rule 26 entitles Defendants' counsel to **reimbursement** for "reasonable fees" in connection with Madison's deposition, Plaintiffs' counsel is under no obligation to pay Madison a flat fee in advance of his deposition. *Id.*; *see Johnson*, 2008 WL 1995117, at *1.

Defendants' counsel asserts that "the Court has discretion to order advance compensation [of an expert]" and cites two cases to support this proposition. *See* DE 146 at 3 (citing *Garnier*, 2006 WL 1085080, at *1, *4; *In re Agent Orange Prod. Liab. Litig.*, 105 F.R.D. 577, 582 (E.D.N.Y. 1985)). However, the Court finds that the circumstances set forth in these two cases are distinct from the instant matter. *See Garnier*, 2006 WL 1085080, at *2-*4 (where the plaintiff disputed the amount of the fee charged by the defendants' expert, holding that the expert was entitled to, *inter alia*, a $350 hourly rate and ordering that the expert "be paid a 50% down payment on the estimated fee seven days in advance of his deposition")[1]; *In re Agent Orange Prod. Liab. Litig.*, 105 F.R.D. at 582 (ordering that the plaintiffs' depositions of four of the

---

[1] The court in *Garnier* did not explain why it required the plaintiff to make a down payment in advance of the expert's deposition. However, the defendants in that case stated in their opposition to the plaintiff's motion for a determination of the expert's fee that representations by the plaintiff's counsel, made in court filings and directly to defendants' counsel, had led the defendants to believe that plaintiff's counsel could not "afford to take any depositions" and was unable to pay his own expert. *See Garnier v. Illinois Tool Works, Inc.*, No. 04-CV-1825, DE 64. Accordingly, the defendants asserted that they were "justified in demanding pre-payment since [the plaintiff's counsel] has, by his own admissions, demonstrated that [they] have every reason to feel insecure about payment of any kind." *Id.* Such circumstances are not present here.

3

defendants' experts in "complex 'Agent Orange' multidistrict litigation" was "conditioned on plaintiffs' payment of reasonable experts' fees and expenses incurred in discovery"). Defendants' counsel has not otherwise shown that, under the facts here, the Court should exercise its discretion to require Plaintiffs to pay Madison in advance of his deposition.

Accordingly, assuming Defendants' counsel still intends to use Madison as his expert, Defendants' counsel may seek reimbursement from Plaintiffs' counsel for Madison's fee, calculated at a reasonable hourly rate, for the time Madison reasonably expended in preparing for and testifying at his deposition once that examination has been completed.[2] Rule 26(b)(4)(E) also permits recovery of fees for an expert's travel time as well as the expert's out-of-pocket expenses. *Dwyer v. Deutsche Lufthansa, AG*, No. CV-04-3184, 2007 WL 526606, at *4 (E.D.N.Y. Feb. 13, 2007) (quoting *Bonner v. American Airlines, Inc.*, No. 96 Civ. 4762, 1997 WL 802894, at * 1 (S.D.N.Y. Dec. 31, 1997) (collecting cases)). Plaintiffs' counsel previously represented that he intends to conduct Madison's deposition at a location close to where Madison lives or works, or possibly by videoconference. *See* DE 144-1 at 5. Under these circumstances, Plaintiffs' counsel is not required to pay Madison in advance for his travel and out-of-pocket expenses, and Defendants' counsel may seek reimbursement for those costs as necessary. *Compare Dwyer*, 2007 WL 526606, at *4 (requiring the defendants to compensate the plaintiff's expert in advance for his travel from New Hampshire to New York for deposition). If the parties are unable to agree upon the reasonableness of Madison's fee, they may make an application to

---

[2] To the extent that Plaintiffs' counsel requests that the Court find that Defendants have forfeited their right to seek reimbursement from Plaintiffs for Madison's fee "due to the extended delay caused by Mr. Madison and Defendants" in scheduling Madison's deposition, that request is denied. DE 144 at 3.

the Court after the deposition has been completed.  *See Conte*, 2011 WL 3511071, at *2 ("[Rule 26] and the case law makes it clear that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively–that is, after the deposition has taken place."); *accord Biernacki v. United States*, No. 11-CV-973 SR, 2012 WL 6100291, at *5 (W.D.N.Y. Dec. 7, 2012) (stating that the court's determination as to the reasonableness of an experts' fee "should not be made prospectively" and denying the defendant's motion "without prejudice to renewal should defendant proceed with the deposition and be unable to agree upon the reasonableness of plaintiff's expert witness fee").

The Court hereby orders Madison to appear for a deposition on a mutually agreeable date between now and January 29, 2016.  This deposition is to be treated as a "Court-ordered" examination and is not to be adjourned under any circumstances without prior authorization from the Court.  The Court expects counsel for both sides to cooperate in promptly arranging a date and time for the deposition.

Finally, the request by Plaintiffs' counsel that he be awarded attorneys' fees in connection with bringing the instant motion is DENIED.  *See* DE 144 at 3.  Plaintiffs' counsel has not cited any case law in support of his conclusory request, nor has he identified the rule or legal authority demonstrating his entitlement to the relief he seeks.  The parties are cautioned that if, going forward, the Court finds that either party is not operating in good faith with regard to the issues referenced in this Order, the Court will take appropriate action.

**SO ORDERED**

Dated: Central Islip, New York
December 15, 2015

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge