**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
AP LINKS, LLC, and ST. ANNE'S
DEVELOPMENT COMPANY, LLC,

        Plaintiffs,

   - against -

JAY EDMUND RUSS and RUSS & RUSS, P.C.,

        Defendants.
-------------------------------------------------------------------X

**ORDER**

CV 09-5437 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

  Previously, Plaintiffs AP Links, LLC and St. Anne's Development Company, LLC ("Plaintiffs") filed a letter motion on June 12, 2015 to compel Defendants Jay Edmund Russ ("Russ") and Russ & Russ, P.C. (collectively "Defendants") to allow Plaintiffs' forensic computer expert to access Defendants' relevant sources of Electronically Stored Information ("ESI"). DE 136. The main impetus for this motion was Plaintiffs' discovery of February 19, 2009 email between Russ and Neal Trabich which Defendants never produced during discovery. *See id.*

  On January 22, 2016, the Court issued an Order which, as relevant here, denied Plaintiffs' motion to permit their forensic computer expert to access Defendants' ESI (the "January 22, 2016 Order"). DE 157. However, the Court directed, *inter alia*, that (1) Defendants' counsel undertake an immediate search of Russ's personal laptop and Blackberry device and produce any responsive documents to Plaintiffs' counsel within 30 days; and (2) to the extent that Defendants maintained, upon completing the search, that there are no other responsive documents, Defendants' counsel was to file an affirmation by March 10, 2016 "explaining the methodology

utilized in the search of the laptop and the BlackBerry and the rationale for the results of the search." DE 157.

Presently before the Court is the letter motion by Plaintiffs' counsel for reconsideration of the January 22, 2016 Order. Pls.' Mot. [DE 161]. According to Plaintiffs' counsel, Defendants have made no effort to determine whether copies of ESI from Defendants' computer system "were made and retained by their outside information technology (IT) vendor." *Id.* at 1. Plaintiffs' counsel states that his June 12, 2015 motion to compel mentioned that "Mr. Russ did not engage his outside IT vendor or ESI expert to help with his searches, and he was instructed not to answer whether Mr. Chrysanthem engaged Defendants' outside IT company to help with the search." *Id.* at 2. Plaintiffs' counsel also notes that, based on his "own experience managing a small law firm, IT vendors make back-up copies of all computer data, including emails, before undertaking any data migration and, as set forth in our June 12 motion, Mr. Russ acknowledged that back-ups were periodically made, but were never searched. Those back-ups should have been searched, but were not." *Id.* Accordingly, "[t]o be consistent with those parts of the Court's January 22 Order that deal with the other gaps in Defendants' efforts to search for and produce responsive emails," Plaintiffs' counsel seeks reconsideration of the January 22, 2016 Order to the extent that the Court either "overlooked" the issue of Defendants' "failure to work with Defendants' outside IT vendors and failure to search back-up files," or "implicitly denied Plaintiffs any relief with respect thereto." *Id.* at 1-2.

In addition, Plaintiffs' counsel seeks the following relief:

> Plaintiffs request that the Court order Defendants' counsel to specifically require every outside IT vendor used by Defendants since October 1, 2006 to conduct a thorough search for the

> February 19, 2009 email from Mr. Russ to Mr. Trabich appended
> hereto as Exhibit A. In addition, Plaintiffs request that
> Defendants' counsel: (1) identify all outside IT vendors engaged by
> Defendants since 2006; (2) contact each outside IT vendor and find
> out when any back-ups were made, whether such back-ups have
> been retained, and if not, when such back-ups were destroyed; (3)
> conduct thorough searches of each back-up kept by Defendants or
> any of the outside IT vendors; (4) produce all responsive
> documents found as a result of such efforts (and a privilege log for
> any withheld documents); and (5) provide the Court and Plaintiffs
> with a report showing the results of the inquiries set forth in items
> 1 and 2.

*Id.* at 2. Counsel requests this relief because, "absent leave to perform its own forensic searches of Defendants' computer system(s), which was denied, there is no other way for the Court or Plaintiffs to be assured that (i) there has been no spoliation of evidence as a result of Defendants' failure to secure and preserve back-ups, and (ii) all available discoverable evidence has been found and produced." *Id.*

Defendants' counsel opposes the motion for reconsideration. Defs.' Opp'n [DE 164]. According to Defendants' counsel, Plaintiffs' counsel merely seeks "to re-litigate an issue already considered and decided by the Court." *Id.* at 3. Defendants' counsel further contends that Plaintiffs' counsel "seeks to argue a new theory" not advanced in his original motion to compel by requesting "the unprecedented relief of essentially substituting Counsel as a party to guarant[ee] the search for this *one* email." *Id.* (emphasis in original). Defendants' counsel notes that Plaintiff's counsel has cited "[n]o case law . . . in support of such extraordinary relief- because the case law does not require Counsel to take on that responsibility." *Id.* Rather, "[c]ounsel is responsible for coordinating discovery efforts but need not supervise every step." *Id.* (citing *Greene v. Netsmart Technologies, Inc.*, No. CV 08-4971, 2011 WL 2225004

3

(E.D.N.Y. Feb. 28, 2011) *report and recommendation adopted*, 2011 WL 2193399 (E.D.N.Y. June 2, 2011); *Zubulake v. UBS Warburg LLC*, 299 F.R.D. 422, 436 (S.D.N.Y. 2004)).

In support of his opposition, Defendants' counsel has provided an "Affidavit from Daniel Rosenthal, counsel to Russ & Russ, P.C., attesting to a search of the Russ Defendants' computers by the firm's IT provider, RedCell." DE 164 at 1; *see* Rosenthal 2/12/16 Affid., annexed as Ex. 1 to DE 164 [DE 164-1]. In his affidavit, Rosenthal attests that RedCell has been the IT vendor for Russ &Russ "since 2003 or earlier." Rosenthal 2/12/16 Affid. ¶ 1. Rosenthal states that he "requested that RedCell thoroughly search the entire computer/email system and all backup of any/every type and kind for the alleged February 19, 2009 email." *Id.* ¶ 2. According to Rosenthal, RedCell conducted this search in his presence on February 9, 2016, but the February 19, 2009 email "was not found in any location. *Id.* ¶¶ 3-4.

A motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59 and Local Civil Rule 6.3 "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order." *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (citing Local Civil Rule 6.3). "The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented

that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (quotation marks omitted); *see also Wallace v. Brown*, 485 F. Supp. 77, 78 (S.D.N.Y. Oct. 9, 1979). Further, "[a] party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quotations and citation omitted)); *see, e.g.*, *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014); *Image Processing Techs., LLC v. Canon Inc.*, 10–CV–3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan.26, 2012) ("[A] party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration.") (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

Considering the parties' arguments in light of these standards, the Court concludes that Plaintiff's counsel has not met his burden of showing that any of the grounds for reconsideration are present here – that is, that there has been an intervening change of controlling law, that new

evidence has become available, or that there exists "the need to correct a clear error or prevent manifest injustice." *Virgin*, 956 F.2d at 1255. Primarily, the Court did not "overlook" any of the allegations made in Plaintiffs' June 12, 2015 motion to compel, as Plaintiffs' counsel advances. *See* Pls.' Mot. at 1. To the extent that Plaintiffs alleged in their motion that, as relevant here, Defendants failed to (1) ascertain and review the efforts of outside IT vendors to preserve Defendants' ESI, and (2) search back-up files, the Court considered those allegations in its decision to deny Plaintiffs' request to compel a forensic search of Defendants' computer systems. *See* DE 136; DE 157. While Plaintiff's counsel may disagree with the Court's decision, as any litigant can, he has not demonstrated that the Court committed a "clear error." *See Virgin*, 956 F.2d at 1255. "[T]he federal rules give district courts broad discretion to manage the manner in which discovery proceeds." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003); *see Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) (holding that a district court has broad discretion "to direct and manage the pre-trial discovery process"). Consequently, it was well within the Court's discretion to decline to allow Plaintiffs' computer expert to search Defendants' ESI and, instead, to require Defendants' counsel (1) to search Russ's personal laptop and Blackberry device; and either (2) produce the responsive documents to Plaintiffs' counsel; or, if no responsive documents were recovered, (3) to file an affirmation explaining the methodology utilized in the search and the rationale for the results of the search. DE 157.

Moreover, to the extent that Plaintiffs' counsel purports to seek new relief not requested in the June 12, 2015 motion to compel, his application is not properly brought as a motion for reconsideration. *See Azkour v. Haouzi*, No. 11-CV-5780, 2014 WL 6481969, at *1 (S.D.N.Y. Nov. 19, 2014). Plaintiffs' June 12, 2015 motion sought "an order requiring Defendant[s] to

6

permit a forensic ESI expert(s) to conduct a thorough search of all computers and other devices containing potentially relevant ESI, and further order Defendant[s] to fully cooperate with such efforts." DE 136 at 5. Plaintiffs' counsel never requested, as he does now, that the Court (1) order Defendants' counsel to specifically require every outside IT vendor used by Defendants since October 1, 2006 to conduct a thorough search for the February 19, 2009 email from Mr. Russ to Mr. Trabich; (2) identify all outside IT vendors engaged by Defendants since 2006; (3) contact each outside IT vendor and find out when any back-ups were made, whether such back-ups have been retained, and if not, when such back-ups were destroyed; (4) conduct thorough searches of each back-up kept by Defendants or any of the outside IT vendors; (5) produce all responsive documents found as a result of such efforts (and a privilege log for any withheld documents); and (6) provide the Court and Plaintiffs with a report showing the results of these inquiries. Pls.' Mot. at 2. The Court observes that, depending on the circumstances of the case, requiring Defendants' counsel to undertake these steps would not be as "extraordinary" or "unprecedented" as he contends in his opposition. *See generally Greene*, 2011 WL 2225004, at *8 ("'While, of course, it is true that counsel need not supervise every step of the document production process and may rely on their clients in some respects, counsel is responsible for coordinating her client's discovery efforts[,] both in terms of the client's duty to locate relevant information and the client's duty to preserve and timely produce that information.'"); *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) ("Attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search.") (internal quotation marks omitted). Nonetheless, the time for Plaintiffs' counsel to seek to compel further action by Defendants' counsel has passed, as it is well-settled

7

that "[a] motion for reconsideration is not the proper vehicle for advancing a new argument or seeking new relief." *Weitzner v. Cynosure, Inc.*, No. 12-CV-3668, 2014 WL 508237, at *7 (E.D.N.Y. Feb. 6, 2014), *appeal dismissed*, 802 F.3d 307 (2d Cir. 2015), *as corrected* (Oct. 27, 2015); *see Azkour*, 2014 WL 6481969, at *1; *see also Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 31, 46 (S.D.N.Y. 2014) ("Because plaintiff is now making a new argument and seeking new relief that it could have (and should have) sought in response to defendants' motion to strike, its application is not properly brought as a motion for reconsideration or clarification.").

Finally, the Court notes that much of the new relief Plaintiffs' counsel requests in his motion for reconsideration is rendered moot by Defendants' subsequent submissions. In his opposition, Defendants' counsel (1) identified Defendants' IT vendor, RedCell; and (2) provided an affidavit from Rosenthal, which attests that RedCell searched Russ & Russ's computer system and back-up files but did not find the February 19, 2009 email. *See* Defs.' Opp'n at 1; Rosenthal 2/12/16 Affid. ¶ 1-4. Moreover, on March 10, 2016, Defendants' counsel filed an Affirmation in accordance with the Court's January 22, 2016 Order detailing the methodology and results of his search of Russ's personal laptop and Blackberry. *See* Chrysanthem Affirm. [DE 168]. Counsel's affirmation includes a second affidavit from Rosenthal regarding the search RedCell conducted of the laptop and Blackberry. *See* Rosenthal 3/7/16 Affid., annexed as Ex. A to Chrysanthem Affirm. [DE 168-1]. Rosenthal attests that, after searching these devices from February 16, 2016 through February 18, 2016, RedCell informed him that "the alleged February 19, 2009 email was not found on either the Laptop or [Blackberry]" and "no other responsive emails or responsive documents were located."

*Id.* ¶¶ 4-5.

    For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.

                                                  **SO ORDERED**

Dated: Central Islip, New York
        September 7, 2016

                                            /s/ A. Kathleen Tomlinson
                                            A. KATHLEEN TOMLINSON
                                            U.S. Magistrate Judge